(21 Misc. Rep. 41.)

UNITED ELECTRIC LIGHT & POWER CO. v. BRENNEMAN.

(Supreme Court, Appellate Term. July 29, 1897.)

CONTRACT—CONSTRUCTION—BREACH.

Plaintiff made a contract to furnish electric current to defendant, the agreement providing that if plaintiff discontinued the supply of current for certain stated causes, or if, through defendant's fault, it was prevented from supplying current, certain sums should at once become due as stipulated damages. *Held*, that even assuming that defendant's abandonment of the premises where the current was used would amount to preventing plaintiff from supplying the same, and would render defendant liable for damages, his mere temporary suspension of the use of the premises, while trying to find a tenant for them, continuing in possession in the meantime, did not amount to preventing the supply of current, nor render him so liable.

Appeal from Second district court.

Action by the United Electric Light & Power Company against Charles Brenneman to recover $232.18 in an action for stipulated damages, under a contract for supplying electric current for lights and motor. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

William Doll, for appellant.

John W. Houston and Kellogg & Slosson, for respondent.

DALY, P. J. The defendant is the owner of the premises No. 57 East Houston street, and occupied the store for a restaurant, and let the basement to other parties. He contracted with the plaintiff, an electric light company, for a supply of its electric current to his store for the purpose of lighting 10 incandescent lamps of 16 candle power each, and for the purpose of running an electric motor for fans. The contracts are partly written and partly print-

ed, and are in the form of requests, by the consumer to the company, to connect its main line with, and supply the current for, the lamps and motor, with acceptance by the company, dated June 23, 1896. The contracts were for two years, and the price per lamp was $1^1/_{10}$ cents per hour, and for the motor 10 cents per hour, with certain discounts. The connection was made July 25, 1896. The business carried on by defendant in his store was discontinued on or before November, 1896, and the lamps and motor were not used, while defendant was waiting for a tenant, he having concluded t, let the premises. On the 9th of November, the chief inspector of the company noticed that the store was vacant; and on the 13th of November, 1896, the defendant's meter inspector went there, by order of the chief inspector, and, finding the store still vacant, procured the key from a neighbor, and entered the basement area, and "cut out" the connection; and this action was then commenced by the company against the defendant for "stipulated damages," amounting to $210, under a clause of the contracts which provides:

"(7) The company reserves the right to discontinue its current without notice in case the consumer is in arrears in payment of the company's bills, or fails to comply with these rules and regulations. In case the company discontinues its current for any of these causes, or is, through the fault of the consumer, prevented from supplying current according to the provisions of this contract, then there shall forthwith become due and payable to the company, as stipulated damages, and not as a penalty, for each month or a fraction of a month of the unexpired term of the contract, the sum of fifty cents per month for each 16 candle power lamp, or the equivalent thereof, covered by the contract."

The complaint alleges that the plaintiff, by discontinuing business and removing from the premises, "prevented the plaintiff from supplying electric current according to the terms of the contracts," and thereby became immediately liable for stipulated damages, computed at the rate fixed by the contracts, for over a year and a half that the contracts had to run. If the consumer, by failing to use the light or power contracted for, thereby "prevents" the company from supplying the current,—a proposition which admits of some discussion,—there remains the question whether, under any fair construction of the agreement, the provision for damages applies to such nonuser as is proved in this case. Although the defendant discontinued the business which he carried on in the store, he did not "remove from the premises," as alleged in the complaint; for he still continued, not only in possession, as owner and by his other tenant, of the building, but he used the store as a place of business, to keep his books, and look after the premises, which were ready to be let, with the fixtures, to a new tenant. But, if the case presented the simple fact that the use of the electric current was suspended while the premises were vacant, on the landlord's hands, in the intervals of occupation for his own trade or by tenants, and he had the intention of resuming such use with the new occupation, if necessary, it would seem an unreasonable and farfetched construction which would visit upon him the same penalty which, it might with justice be claimed, would attach to a consumer who, by discontinuing business and abandoning the premises in which the company had put its plant at his request, prevented, in one sense,

its supplying him with its light and power. If the defendant is liable in this case, then he could be liable to the same extent for a single day's suspension of business, even from unavoidable accident. It would be questionable whether the amounts provided as "stipulated damages" could, in such an event, be regarded other than as a penalty, so disproportionate, unreasonable, and excessive would they be. It is a reasonable construction of the contract to hold that, where the circumstances show, as in this case, an intentional, but temporary, suspension of the use of the electric light and power, without the intention of abandoning such use permanently, the provision for stipulated damages does not become operative; since the contract, by declaring that such damages shall "forthwith become due" if the company is, "through the fault of the consumer," prevented from supplying its current, plainly intends some act on the part of the consumer which puts it out of the power of the company during the life of the contract to resume or continue his supply. There was no pretense in this case that the consumer had done or omitted anything (except failure to use the light temporarily) which authorized the company to cut off the supply. He was not in arrears with his payments, and he had not violated any of its rules. The cutting off of the current to his premises by the company was therefore a breach of contract upon its part, and prevented its enforcing any claim thereunder.

Judgment reversed, and new trial ordered, with costs to appellant to abide event. All concur.